ROBERT SCARILLO, APPELLANT, v.
DEPARTMENT OF CIVIL SERVICE, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued December 7, 1976—Decided January 12, 1977.

Before Judges HALPERN, BOTTER and KOLOVSKY.

*Mr. Richard Slavitt* argued the cause for appellant (*Messrs. Slavitt & Slavitt,* attorneys).

*Mr. Arnold Lakind,* Deputy Attorney General, argued the cause for respondent (*Mr. William F. Hyland,* Attorney General of New Jersey, attorney; *Ms. Erminie L. Conley,* Deputy Attorney General, of counsel).

The opinion of the court was delivered by

BOTTER, J. A. D. This is an appeal from an order of the Department of Civil Service (Department). The order up-

held the validity of the Department's action in establishing "demotional and/or special reemployment" rights of certain police officers with respect to the position of police sergeant in the City of Newark from which these officers were demoted for reasons of economy. Appellant challenges the use of an employee's status as a veteran or nonveteran in determining such rights.

Appellant was appointed to the position of patrolman (also referred to herein as the position of police officer) in 1964. In 1974 he and others competed in a promotional examination for the position of police sergeant. Some promotions were made as a result of this examination, and, on January 6, 1975, appellant and ten others were also promoted to the rank and position of police sergeant. This promotion was short-lived, however. Soon thereafter the Director of the Newark Police Department ordered the "layoffs" for reasons of economy of a number of police sergeants. Twelve such "layoffs" were upheld by the Department of Civil Service, effective May 2, 1975. The Department recognized the rights of these sergeants to the position of police officer over 12 "least senior Police Officers" and also placed their names on a "special reemployment list for Police Sergeant, Competitive Division, City of Newark."

The "reemployment list" established preference for the return of demoted sergeants to the position of police sergeant, first to the one sergeant with seniority in that position. This action is not challenged. With respect to the remaining 11 sergeants with equal seniority as sergeants, preference was given to the two sergeants who were disabled veterans and then to three sergeants who were veterans, followed by the remaining six who were nonveterans. Appellant, one of the six nonveterans, challenges the granting of preference rights based upon veterans status.

The Civil Service Law established preference for veterans over non-veterans for *initial* appointment to public service. *N. J. S. A.* 11:27–3 (preference for veterans disabled in the line of duty "for entrance into the public ser-

vice"); *N. J. S. A.* 11:27–4 (preference for veterans in the choice of three certified eligibles); *N. J. S. A.* 11:27–5 (veterans who pass the competitive examination "for entrance into the public service" shall be placed on the employment list immediately following disabled veterans); *N. J. S. A.* 11:27–6 ("Nothing contained in sections 11:27–2 to 11:27–5 of this Title shall apply to promotions");[1] *Swede v. Clifton,* 39 *N. J. Super.* 366, 374–376 (App. Div. 1956), holding that the preference for veterans in the choice from among three eligibles provided by *N. J. S. A.* 11:27–4 applies to initial appointments into Civil Service, entrance-grade appointments, not to promotions within a department — (there the promotion was to sergeant in the police department). Consistent therewith, *N. J. S. A.* 11:27–8 provides that preference shall be given to veterans when a "reduction" is made "of the employees in any department of this State or any county, municipality or school district operating under [*N. J. S. A.* 11:19–1 *et seq.*]."

■ However, nothing in these statutes expresses an intention to give preference to veterans on "re-promotion" to a higher position from which they were demoted for economy reasons. Thus, the establishment of a "reemployment list" to the position of Police Sergeant with priority given to veterans is not authorized by statute.

■ Nor can the use of the term "reemployment" change the promotional nature of the action involved. Appellant and the other sergeants were not removed from service within the meaning of *N. J. S. A.* 11:27–8. They were demoted from

---

[1]This section contains a proviso which recognizes a special right of veterans following an examination for promotion, namely, if a veteran receives the "highest certification from among those qualified," before a nonveteran is promoted to the position the appointing authority must show cause before the Civil Service Commission why such veteran should not receive the promotion. See also, *N. J. S. A.* 11:27–11 and *N. J. S. A.* 11:27–11.1 for preferences given to certain decorated veterans for promotion as well as initial appointment. See also, *N. J. S. A.* 11:27–12.

the position of police sergeant. They did not lose employment with the City of Newark since they were given preference in the reduction in force over Police Officers with less seniority. And, in accordance with *N. J. S. A.* 11:27–8, veterans would have been given preference over nonveterans with equal seniority in case some of them were to be laid off as part of a reduction in force of the police department. But, in the event that vacancies occur in the position of police sergeant following the demotion of these 11 sergeants, promotion again of any of these 11 officers cannot be influenced by the veteran status of some. Any rule or interpretation of a rule (see *N. J. A. C.* 4:1–16.3(c) dealing with layoffs and demotions) of the Civil Service Commission to the contrary violates the intent of the Civil Service Law and is beyond the authority of the Commission.

Appellant also urges that any attempt to give preference for promotion or "repromotion" would violate *N. J. Const.* (1947), Art. VII, § I, par. 2. He contends that the Constitution distinguishes between appointments and promotions in authorizing preference for veterans. The Constitution requires that "appointments and promotions" in the Civil Service shall be made according to merit and fitness, to be determined by competitive examination as far as practicable, "except that preference *in appointments*" (emphasis supplied) may be based upon military service in time of war. Respondent argues that the Constitution simply intended to verify the right of the Legislature to accord preference to veterans and did not intend to distinguish between initial appointments and promotions.

Since we hold that the Legislature did not intend to give preference to veterans in cases of "re-promotion" in the circumstances before us, we need not consider the constitutional issue that is raised on this appeal.

The action of the Civil Service Department is reversed and the matter is remanded to that agency for such action as may be appropriate consistent with this opinion.